(R. C. 1835, title, evidence; see adm'r of Janis v. Gurno, 4 Mo. R. p. 453.)

---

## CITY OF ST. LOUIS v. MORTON.

The provisions of the act of March 18th, 1835, authorising the sale of the St. Louis commons, are directory, and not conditions precedent to the exercise of the power therein vested in the Mayor and board of Aldermen of the city of St. Louis: Therefore in an action of covenant brought by the Mayor, Aldermen and citizens of the city of St. Louis, on an indenture of lease of a part of the commons, the defendant is estopped from denying that the preparatory steps required by said act were complied with.

### Primm for Plaintiff in error.

That the defendant is estopped by his own hand and seal from setting up as a defence, the matters contained in the 3rd, 4th, 5th, and 6th pleas. Demurrer was properly used in this case. 1 Chitty pl. 634.

That the estoppel here arises by the deed sued on. Co. Litt. 352 a.

That defendant is estopped from denying that the requirements of the statute in relation to the sale of the common have been fulfilled. Defendant, by signing and sealing the indenture sued on, *admitted* that all these things had been done.

Defendant nowhere alleges that the omission to do these things on the part of the mayor, &c. has resulted in injury to him, but he draws the conclusion by reason of this omission is *void in law*.

Defendant's pleas undertake to set up a title to the demised

premises in the inhabitants of the town of St. Louis as limited on 13th June, 1812. A tenant is not permitted to controvert the title of the person under whom he came into possession. 2 Blk. 1259. 1 T. R. 760 n. 3 T. R. 14. 6 T. R 62.

When a person assents to an act, and derives title under it, he cannot afterwards impeach it. Rex. v. Stacey 1 T. R. 4. Woodfall's Land & Ten. p. 143. Drury & Wyman v. Fay, 14 Pick. Rep. 328. Cutler v. Dickinson, 8 Pick. 386.

The defendant should, before signing the deed, have satisfied himself that all the provisions of the law had been complied with. He being the party most interested in finding this out, should not have entered into the covenant without knowing what he was about.

The estoppel is complete, being *mutual*. The plaintiff cannot avoid the deed, nor shall the defendant be allowed to do so.

### Geyer, for Defendant.

That the judgment of the circuit court ought to be affirmed, because,

1. There is no estoppel to prevent the defendant from pleading the matters, or any of them set up in bar, as is contended for by the plaintiff. The defendant may not deny a fact admitted by his deed, but he may plead matter in avoidance, as infancy, coverture, fraud, gaming, usury, &c. In this case the deed does not admit the title, or the authority of the grantors, and the defendant is at liberty to deny either. The assignee of a patent may plead that the invention was not new, and that the patentee was not the inventor. Hayne v. Maltby, 3 T. R. 438. In general a grantor is estopped by his deed to say he had no interest, but this does not apply where the grantor as in this case, is a trustee for the public, deriving his authority from a public statute. 2 T. R. 169–171. See also 4 Bac. Ab. 140. Laws by authority passim.

2. If the pleas in this case are true, and the demurrer admits them, the deed is absolutely void, and cannot operate even as an estoppel against the plaintiff, and if there be an estoppel at all, it is mutual. Both parties are estopped or

neither. Cro. Eliz. 36. The plaintiff may deny the authority, and why not the defendant? 2 T. R. 169, 171. 4 Bac. Ab. 140. Platt on costs 19, 3. No sale of the common was authorized by the proprietors, or by any person or power authorized to confer such authority. The act of the 13th June, 1812, operated as a grant *proprio vigore* of the commons to the inhabitants of the town of St. Louis, and from that moment they were the proprietors in full property, and neither the Congress of the United States, nor the State Legislature, could control the disposition of it.

4. The title was vested in the inhabitants of the town of St. Louis, and not in the municipal corporation called the mayor, aldermen and citizens of the city of St. Louis.

5. The corporation not being the proprietor, and deriving no authority from the proprietors directly or indirectly, the sale and the deeds made in consequence are utterly void.

6. Upon the supposition that the Legislature derived a power to provide for the disposition of the commons by the general grant of Legislative power, or by the act of congress of 1831, it would not lawfully decide the judicial question, who are proprietors within the terms of the grant: nor had it the power to apply proceeds to any other use than that of the proprietors; but both being attempted by the act of 18th March, 1835. That act is void, and consequently all proceedings under it.

7. If the Legislature could confer authority to any one to make the sale, &c., that authority must be pursued by the agent, or his act is void. 2 T. R. 169, 171. 4 Bac. Ab. 140.

8. The first section of the act 18th March, 1835, undertakes to determine who are the proprietors, being the owners of lots within the town as limited on the 13th June, 1812, whose votes are to be taken for and against a sale; and by the 2d section, if a majority of such owners consent in the manner prescribed to the sale of the common, then the mayor and aldermen, (*not the corporation*,) are authorized to make sale, &c., in the manner and upon the conditions in the act specified. It is alleged in the pleas, and admitted on the record, that the majority of such owners did not consent. Consequently there was no authority for the sale.

9. There are also several conditions prescribed as the manner of exercising the authority, and among them that a survey into lots, streets, &c. is to be made, a plat made, and recorded, the time, place, and terms of sale advertised, and deeds to be made by the mayor and aldermen, and if the pleas be true, all of them have been disregarded.

10. Whether the pleas be bad because of an estoppel, or of the matter pleaded, or not, still the demurrers were properly over-ruled, because the declaration is bad.

## Opinion of the Court by Napton, Judge.

This was an action of covenant brought by the Mayor, Aldermen and citizens of the city of St. Louis on an indenture of lease. The declaration was as follows : The city of St. Louis, successors of the Mayor, Aldermen and citizens of the city of St. Louis, complain of George Morton of a breach of covenant, for that whereas heretofore, to wit, on &c., at &c., by a certain indenture made between the parties aforesaid, (profert of which is made,) the said Mayor, &c., did demise, grant, and to farm let to the defendant, his executors and administrators and assigns, a certain lot with its appurtenances situate in the St. Louis common, to have and to hold the said lot and messuage upon certain conditions, among which was that the defendant should yield and pay for the premises demised, as a yearly rent, unto the Mayor, &c., and successors, the interest of five per cent a year on the amount bid for said lot, being the sum of $525 93, at the expiration of one year from the date of said indenture, and the like sum at the expiration of every year thereafter; and secondly, that at the end of fifty years from the day of sale being the 12th March 1886, and every fifty years thereafter and after assessment made by the public assessor agreeably to the act of the General Assembly of the State of Missouri passed 18th March, 1835, entitled "an act to authorize the sale of the St. Louis common" the said defendant should pay five per cent a year upon such assessed value as a yearly rent; and thirdly, that should the interest aforesaid remain unpaid for six months after due, the Mayor &c., might annul the sale, and proceed to sell again according to the

act of Assembly aforesaid; and fourthly, that after the expiration of ten years from the day of sale, the said defendant might pay the sum of ten thousand five hundred and eighteen dollars and sixty cents, being the amount bid for the lot, and receive a deed in fee simple with special warranty only against the inhabitants of St. Louis and all persons claiming under them; and the said defendant did covenant for himself, executors, &c., should well and truly pay or cause to be paid to the said Mayor, &c., the yearly rent of $525 93, at the several times appointed in said indenture— by virtue of which demise defendant entered. Breach, that on the 13th March, 1838, five hundred and twenty-five dollars and ninety-three cents became due and was unpaid.— Defendant pleaded seven pleas. 1. Non est factum. 2· Deed obtained by fraud. 3. That the demised premises formed a part of a larger tract called the St. Louis Common, which was vested in the inhabitants of that part of the city which was limited on the 13th June, 1812; that by an act of the General Assembly of the State of Missouri, passed March 18, 1835, the sale of the said common was authorized on certain conditions and among those conditions were the following: That the Mayor and Aldermen of the city of St. Louis should cause the said commons to be surveyed and laid off into lots of not less than one acre, nor more than forty, and that they should lay off such roads, lanes, streets, &c.. as they should deem necessary and should cause a plat of said survey to be made out and filed in the office of the Recorder of St. Louis county, and that they should give notice of the time, place and terms of sale for four weeks in all the newspapers of the city of St. Louis—that defendant relying on the pretences of the plaintiffs, that all these things had been done, purchased at public auction the demised premises, and that in fact the said Mayor and Aldermen did not cause a plat to be made and recorded, and did not follow the other requisites of the statute, and therefore the deed was void in law.

The fourth plea alleged that plaintiffs sold the lot to defendant without having first obtained the consent of a majority of the owners of lots and parts of lots within the limits

of the town of St. Louis as it was limited on the 13th of June 1812.

SEPT. TERM.
1840.

City of St.
Louis.
v.
Morton.

Fifth plea averred that plaintiff sold the lot to defendant without having previously had a plat of the survey of the said common recorded, &c.

Sixth plea, that the Mayor and Aldermen did not make to defendant a deed for the lot purchased by him according to the form of the statute.

Seventh plea, that the defendant did not enter by virtue of the demise to him, &c.

On the first and second pleas issue was taken, and plaintiffs demurred to the remaining pleas. Demurrer was over ruled, and judgment given for defendant on the demurrer. The whole of these pleas, if I understand them rightly, amount to averments that certain pre-requisites of the statute authorizing the sale of the St. Louis common have not been complied with. No oyer of the indenture was craved nor is the indenture set out, except as it appears in the declaration. No averment in any plea is made, that this indenture was made in compliance with the act of the General Assembly of 1835, nor does so much of the indenture as is set out in the declaration profess to be made under any power given by that act. The Mayor, Alderman and citizens of the city of St. Louis assumed to be proprietors, and although it is not averred that the commons lie within the limits of the city of St. Louis, neither can it be inferred from any thing in the deed, that they were without the limits of said city.

These pleas amount then to a denial of the title of the plaintiff, and are therefore inadmissible upon well established rules of law. If the pleas had averred that the plaintiffs, were agents, or trustees, and derived all their power over the demised premises from an act of the legislature, and the act of the legislature did not give them any power to make such a deed as was declared on, or was wholly null and void, I am not prepared to say that such a defence would come within the reason of the doctrine of estoppel. This was all that was decided in the case of Mytton v Gilbert (2 term R. 169 172) which has been so much relied on at the bar. I

The provisions of the act of March 18th 1835, authorising the sale of the St. Louis commons, are directory, and not conditions precedent to the power therein vested in the Mayor and board of Aldermen of the City of St. Louis: Therefore in an action of covenant brought by the Mayor, Aldermen and citizens

SEPT. TERM.
1840.

City of St.
Louis
v.
Morton.

*of the City of St. Louis, on an indenture of lease of a part of the commons, the defendant is estopped from denying that the preparatory steps required by said act were complied with.*

regard the provisions in the act of 1835 as directory, and not as conditions precedent to the exercise of the power. If the corporation of St. Louis made the deed to defendant under that act, he shall not and should not be allowed to deny that the prepatory steps required by the act were complied with. He may allege that the corporation of St. Louis derived no power to sell or lease under that or any other act, or that the act was unconstitutional, and in that way bring himself within the doctrine in Mytton v Gilbert.

But the defendants pleas avoid the question of power, and seek to take advantage of alleged omissions on the part of the plaintiffs. They are estopped by their deed from doing this, especially as no complaint is made of any eviction or disturbance.

All the court are of opinion that thes please are bad, and that the demurrer should have been sustained. Judgment reversed.